**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Robert L. Houston, III,<br>Plaintiff,<br><br>vs.<br><br>NV Energy, Inc.,<br>Defendant. | Case No. 2:26-cv-00839-ART-MDC<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 22) AND DENYING STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER (ECF NO. 23) AS MOOT** |

The Court has reviewed defendant's *Motion to Stay Discovery* ("Stay Motion") (ECF No. 22) and **GRANTS** the Motion for the reasons below. Because the Stay Motion is being granted, Court also **DENIES** parties' proposed Stipulated Discovery Plan and Scheduling Order (ECF No. 23) as moot.

## I. BACKGROUND

Plaintiff alleges various federal and state law claims arising out of his former employment by defendant. *ECF No. 13*. Defendant filed the Stay Motion following the filing of its *Motion to Dismiss* ("Dismiss Motion") (ECF No. 20) plaintiff's Amended Complaint (ECF No. 13). Plaintiff opposes the Motion. *ECF No. 30*. Defendant filed a Reply to plaintiff's Opposition. *ECF No. 33*.

## II. STAY MOTION

### A. General Legal Principles

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall

'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 2302151, at *2-3 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.*, at *2

**B. Staying Discovery Is Appropriate Under The Pragmatic Approach**

**i. No Discovery Is Required To Respond to Defendant's Dismiss Motion**

Defendant argues that plaintiff's Stay Motion can be decided without further discovery. *ECF No. 22* at 6-7. Plaintiff argues that defendant's Dismiss Motion will not be successful in dismissing all his claims in this case because, he argues, his claims generally require a factual inquiry. That argument, however, goes to the merits in opposing defendant's Dismiss Motion. The inquiry here is whether plaintiff needs discovery to respond to defendant's Dismiss Motion and plaintiff's Opposition to the Stay Motion did not identify any discovery needed to respond to defendant's Dismiss Motion. *See ECF No. 29* at 3-5.

Moreover, defendant states that it seeks to dismiss "every single claim asserted by Plaintiff" (ECF No. 22 at 2) and their Dismiss Motion plainly requests to dismiss plaintiff's Amended Complaint "in its entirety." *ECF No. 20* at 20. Plaintiff argues that defendant's Dismiss Motion is potentially dispositive because it is unlikely to be granted due to alleged necessary factual inquiries. While plaintiff correctly cites to the pragmatic approach inquiry used by this Magistrate Judge, his arguments challenge the merits of defendant's Dismiss Motion and effectively ask to second guess the merits of the Dismiss Motion under the preliminary peek approach. In other words, plaintiff contests that defendant's Dismiss

Motion is potentially dispositive because it lacks merit and should be denied. However, plaintiff fails to show that this case would not be entirely disposed of if the Dismiss Motion is granted. Thus, for the purposes of staying discovery, the defendant has shown that the Dismiss Motion is *potentially* dispositive if granted and that no discovery is needed to respond to the Dismiss Motion.[1]

**ii. Good Cause Exists to Stay Discovery**

Good cause also exists to stay discovery. Defendant notes that if discovery is not stayed pending adjudication of the Dismiss Motion, it would be "forced to incur significant time and expense conducting discovery… which will inevitably result in unnecessary and extensive motion practice[.]" *ECF No. 22* at 7. Plaintiff disputes that defendant has shown good cause to stay discovery and argues that he would be prejudiced from a discovery stay. *ECF No. 30* at 5-6.

Under the context here, defendant has shown that it would suffer undue burden and expense if discovery was not stayed in this case. Federal Rule of Civil Procedure ("Rule") 1 provides that the federal rules should "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Here, adjudicating the Dismiss Motion would provide a clear statement of plaintiff's claims that parties should pursue discovery on or lead to a dismissal of the First Amended Complaint. A stay of discovery would thus save all parties from any unnecessary costs, especially as plaintiff does not identify any specific discovery that he seeks to oppose the Dismiss Motion. Therefore, the objectives of Rule 1 would be met by staying discovery pending adjudication of the Dismiss Motion.

Plaintiff argues that he would be prejudiced from a stay because defendant may delete or destroy relevant evidence. *ECF No. 30* at 6. Plaintiff states that he "documented" an instance where defendant

---

[1] Parties also argue about the merits of the Dismiss Motion to dismiss plaintiff's First Amended Complaint fails to state a claim. *See ECF Nos. 22*, *30*. The Court does not address this dispute as it is not contemplated under the pragmatic approach, which the undersigned Magistrate Judge follows. *See Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, 2024 WL 2302151, at *2.

deleted Microsoft Teams messages after he sent defendant two preservation emails. *Id.* However, plaintiff provides no supporting exhibits to support its claim that defendant deleted Teams messages or other evidence relevant to this case. Moreover, defendant already has a duty to preserve evidence it should know is relevant to its defenses or plaintiff's claims, or that may lead to the discovery of relevant evidence. *See Patton v. Wal-Mart Stores, Inc*., No. 2:12-CV-02142-GMN, 2013 WL 6158467, at *3 (D. Nev. Nov. 20, 2013) (citations omitted); *United States v. Semenza*, No. 2:22-cv-02059-APG-DJA, 2024 WL 5294520, at *2 (D. Nev. December 19, 2024), report and recommendation adopted sub nom. *United States v. Semenza*, No. 2:22-cv-02059-APG-DJA, 2025 WL 42311 (D. Nev. January 7, 2025). Parties can be sanctioned for destroying evidence (*i.e.*, spoliation). *See, e.g.*, *Jones v. Riot Hospitality Grp.*, 95 F.4th 730, 734-736 (9th Cir. 2024) (upholding a District Court sanction dismissing a case because of repeated violations of the duty to preserve evidence). Defendant notes that it has issued litigation holds regarding relevant evidence. *ECF No. 33* at 5. Other than plaintiff's conclusory claims, the Court also does not find evidence from the record indicating that defendant did or would destroy relevant evidence despite its duty. Therefore, plaintiff fails to show prejudice here.

Plaintiff also seems to argue that defendant's allegedly harmful conduct is ongoing, and allowing discovery at this time would be more efficient and help enable him to file "supplemental pleadings [under Federal Rule of Civil Procedure ("Rule") 15(d)]… as that conduct develops." *ECF No. 30* at 7. Plaintiff's argument is speculative, generalized, and insufficient to preclude a short stay. Courts have broad discretion to grant or deny a party's request to file a supplemental pleading and "[u]nder Rule 15(d), the filing of a supplemental pleading is not… a matter of right." *See Carter v. Dreesen*, No. 2:24-cv-01076-JAD-NJK, 2025 WL 1833456, at *2 (D. Nev. July 3, 2025) (citation omitted) (internal quotation marks omitted); *see also Babystacks Cafe, LLC et al. v. Uber Techs., Inc. et al.*, No. 2:24-cv-01098-RFB-MDC, 2025 WL 509250, at *2 (D. Nev. February 14, 2025) (stating that "[w]hile amendments under Rule 15 are to be freely given, they are not automatic."). Plaintiff does not identify

any potential discovery items or categories regarding defendant's alleged ongoing conduct that may enable him to file a supplemental pleading in this case. As indicated above, staying discovery until the Dismiss Motion is adjudicated also allows parties to focus their discovery on the claims that survive dismissal, if any, and thus saves them from unnecessary discovery expenses. *See* Fed. R. Civ. P. 1.

## III. PARTIES' PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

Because the Court is granting the Motion, it also denies parties' proposed Discovery Plan and Scheduling Order (ECF No. 23) as moot and without prejudice. If any of plaintiff's claims survive the motions to dismiss, parties shall meet and confer and file a renewed Discovery Plan and Scheduling Order within 14 days of an order or orders adjudicating all the motions to dismiss.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Defendant's *Motion to Stay Discovery* (ECF No. 22) is **GRANTED**. Discovery is stayed pending the disposition of defendant's *Motion to Dismiss* (ECF No. 20) or further Court order, including an order on any motion to lift the stay.
2. The parties' proposed Discovery Plan and Scheduling Order (ECF No. 23) is **DENIED** as moot and without prejudice. If any of plaintiff's claims survive the motions to dismiss, parties shall meet and confer and file a renewed Discovery Plan and Scheduling Order within 14 days of an order adjudicating defendant's *Motion to Dismiss*.

DATED: August 20, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.