Attorneys for Defendant
NV ENERGY, INC.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT L. HOUSTON III, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>NV ENERGY, INC., a public utility,<br><br>Defendant. | Case No. 2:26-cv-00839-ART-MDC<br><br>**DEFENDANT'S MOTION TO STAY EARLY NEUTRAL EVALUATION SESSION PENDING DISPOSITION OF MOTION TO DISMISS** |

Pursuant to Local Rule ("LR") 16-6(c) and the Court's July 8, 2026 Order (ECF No. 25), Defendant NV ENERGY, INC. ("Defendant"), by and through its counsel of record Littler Mendelson, P.C., respectfully moves this Court for an order staying the Early Neutral Evaluation ("ENE") pending resolution of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 20) ("Motion to Dismiss"). This Motion is made and based upon the accompanying Memorandum of Point and Authorities, all pleadings and papers on file herein, as well as any oral argument that the Court may entertain.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant respectfully requests that the Court stay the ENE pending resolution of its Motion to Dismiss because participation at this time is premature. The Court has already stayed discovery pending resolution of the Motion to Dismiss, and, as a result, the parties have not engaged in discovery, including the exchange of initial disclosures. Proceeding with the ENE in

this posture would be premature and unlikely to result in a meaningful evaluation of the parties' respective claims and defenses.

The purpose of the ENE is to permit the evaluating Magistrate Judge to provide the parties with a candid evaluation of the merits of their claims and defenses. LR 16-6(a). Here, however, the parties presently lack the benefit of even initial disclosures or other discovery through which they could meaningfully evaluate the factual record, Plaintiff's alleged damages, and the parties' respective positions. Moreover, Defendant's pending Motion to Dismiss seeks dismissal of Plaintiff's First Amended Complaint in its entirety and may therefore significantly narrow, or altogether eliminate, the issues that would otherwise be addressed at the ENE. Defendant's Motion to Dismiss contends that each of Plaintiff's claims contains pleading deficiencies warranting dismissal and can be resolved without additional discovery.

Defendant does not seek a permanent exemption from the Court's ENE Program. To the contrary, if claims remain following resolution of the Motion to Dismiss, Defendant is willing to participate in the ENE, which may provide the parties an opportunity to resolve the remaining claims without further litigation. Under the present circumstances, however, requiring the parties to proceed with the ENE before the Court determines which, if any, claims remain, and before the parties have exchanged even initial disclosures, would be premature. Defendant therefore respectfully requests that the Court stay the ENE until the Motion to Dismiss is resolved.

## II. FACTUAL BACKGROUND

On June 5, 2026, Plaintiff Robert L. Houston III ("Plaintiff") filed his First Amended Complaint ("Complaint") against Defendant. (ECF No. 13). Plaintiff's Complaint asserts ten causes of action arising under the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act ("FMLA"), and Nevada state law, including claims for disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, sexual harassment/hostile work environment, and FMLA interference.

On July 7, 2026, Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20.) Defendant seeks dismissal of the Complaint in its entirety on the ground that Plaintiff has failed to plead facts sufficient to state any claim upon which relief can

LITTLER MENDELSON, P.C.
5470 Kietzke Lane, Suite 300
Reno, Nevada 89511
775.348.4888

be granted. Among other things, Defendant argues that: (1) Plaintiff's own allegations demonstrate that it engaged in the interactive process and provided requested accommodations; (2) the Complaint fails to plausibly connect the challenged employment actions to Plaintiff's disability or protected activity; (3) the harassment allegations are insufficient to establish a hostile work environment; and (4) Plaintiff has not plausibly alleged that Defendant denied or interfered with his FMLA benefits.

On July 9, 2026, Defendant moved to stay discovery pending resolution of its Motion to Dismiss. (ECF No. 22.) Defendant explained that the Motion to Dismiss is potentially dispositive of the entire action and can be resolved based on the sufficiency of Plaintiff's pleadings without additional discovery. The Court subsequently granted a stay of discovery pending resolution of the Motion to Dismiss. (ECF No. 37.)

Given the pending Motion to Dismiss, the parties have not engaged in any discovery, including the exchange of initial disclosures. Moreover, a decision on the Motion to Dismiss would ultimately impact the course of the case, including the case not moving forward at all. Separately, the Court scheduled this matter for ENE pursuant to LR 16-6. (ECF No. 25.) The Court's ENE Order requires the parties to submit confidential evaluation statements addressing their positions and settlement posture and explains that those statements are intended to assist the Magistrate Judge in preparing for and conducting a meaningful ENE. The parties previously stipulated to continue the originally scheduled October 2, 2026 ENE, and the Court granted that request and vacated the October 2 hearing. (ECF No. 41.) Accordingly, while Defendant remains willing to participate in the ENE if the action proceeds following resolution of its Motion to Dismiss, Defendant requests that the ENE be temporarily stayed until the Court determines which, if any, claims remain.

## III. STANDARD OF REVIEW

LR 16-6 provides, in relevant part: "All employment-discrimination actions filed in this court must undergo early neutral evaluation as defined by this rule. The purpose of the early neutral evaluation session is for the evaluating magistrate judge to give the parties a candid evaluation of the merits of their claims and defenses." LR 16-6(a). Parties seeking to continue an

LITTLER MENDELSON, P.C.
5470 Kietzke Lane, Suite 300
Reno, Nevada 89511
775.348.4888

ENE must demonstrate good cause. *Aragon v. Experian Info. Sols., Inc.*, No. 3:25-CV-0814-BAS-SBC, 2026 WL 489668, at *1 (S.D. Cal. Feb. 20, 2026); *see also* Fed. R. Civ. P. 6(b). Courts have broad discretion in determining whether good cause exists, and the "good cause" standard is "non-rigorous" and construed broadly across procedural contexts. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). In determining whether good cause exists to continue an ENE, courts may consider whether resolution of a pending dispositive motion could materially affect the scope of the claims and defenses and better position the parties to engage in informed settlement discussions. *Aragon*, 2026 WL 489668, at *1.

## IV. LEGAL ARGUMENT

### A. The Motion to Stay Should be Granted Pending Decision on Defendant's Motion to Dismiss and/or Until the Parties Resolve Pending Discovery Issues

Good cause exists to stay the ENE pending resolution of Defendant's Motion to Dismiss. Defendant's Motion to Dismiss seeks dismissal of Plaintiff's First Amended Complaint in its entirety, and the Court has already stayed discovery pending resolution of that Motion. As a result, the parties have not engaged in discovery, including the exchange of initial disclosures. Proceeding with the ENE under these circumstances would be premature because neither the parties nor the Magistrate Judge would have the benefit of even the initial factual development necessary to meaningfully evaluate the merits of Plaintiff's claims, his alleged damages, or the parties' respective settlement positions. Moreover, resolution of Defendant's Motion to Dismiss may eliminate this action altogether or, at minimum, materially narrow and clarify the claims and defenses at issue. Resolution of the Motion to Dismiss should therefore precede the ENE so that, if any claims remain, the parties can participate in the ENE with a clearer understanding of the issues actually requiring resolution.

Indeed, *Aragon* supports precisely that approach. There, the court found good cause to continue an ENE where a pending motion for judgment on the pleadings "may materially affect the scope of the claims and defenses at issue," reasoning that allowing the court to resolve the motion first would "better situate the parties to evaluate their respective positions and engage in informed settlement discussions." *Aragon*, 2026 WL 489668, at *1. The same reasoning applies

LITTLER MENDELSON, P.C.
5470 Kietzke Lane, Suite 300
Reno, Nevada 89511
775.348.4888

with even greater force here, where discovery itself has already been stayed and the parties have not exchanged initial disclosures. Staying the ENE until Defendant's Motion to Dismiss is resolved would therefore promote the purpose of the ENE by allowing any future evaluation to proceed on a more developed and defined record, while avoiding the potentially unnecessary expenditure of party and judicial resources in the interim. LR 1-1(a)-(b). Defendant does not seek to avoid the ENE process altogether; rather, Defendant requests only that the ENE be postponed until the Court resolves the potentially dispositive Motion to Dismiss. If any claims remain thereafter, Defendant is willing to participate in the ENE at that time.

**V. CONCLUSION**

For the reasons stated above, Defendant respectfully requests that the Court grant its Motion and issue an order to stay the ENE until the Court adjudicates Defendant's pending Motion to Dismiss. Defendant will notify the Court within Seven (7) days if the Motion to Dismiss is denied, or alternatively, after the parties have exchanged initial disclosures so that the ENE can be rescheduled in the normal course.

Dated: November 18, 2026

LITTLER MENDELSON, P.C.

*<u>/s/ Luke W. Molleck</u>*
Karyn M. Taylor, Esq.
Luke W. Molleck, Esq.

Attorneys for Defendant
NV ENERGY, INC.



LITTLER MENDELSON, P.C.
5470 Kietzke Lane, Suite 300
Reno, Nevada 89511
775.348.4888

y to

the On

No

ced
the

Plaintiff, *Pro Se*

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 18, 2026, at Reno, Nevada.

*/s/ Danielle LaVelle*
Danielle Lavelle
Littler Mendelson

The Court notes that Plaintiff filed a response in which he does not oppose this Motion to Stay Early Neutral Evaluation Session Pending Disposition of Motion to Dismiss (ECF No. 46). The Court therefore GRANTS Defendant's motion (ECF No. 45) and STAYS the Early Neutral Evaluation pending the Court's adjudication of Defendant's pending Motion to Dismiss. (ECF No. 20).

IT IS SO ORDERED.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: November 23, 2026



LITTLER MENDELSON, P.C.
5470 Kietzke Lane, Suite 300
Reno, Nevada 89511
775.348.4888